United States District Court
Southern District of Texas
**ENTERED**
May 21, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| INTERNATIONAL BANCSHARES CORPORATION, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-238 |
| | § § | |
| PAOLA OCHOA, | § § | |
| Defendant. | § | |

### MEMORANDUM & ORDER

Plaintiff International Bancshares Corporation ("IBC") brings this motion to compel arbitration, challenging the conduct of arbitration proceedings between itself and one of its employees, Defendant Ochoa ("Ochoa"). (Dkt. 1.) IBC asserts that the arbitration is improperly proceeding before a single arbitrator, despite an arbitration agreement requiring a panel of three arbitrators.

Ochoa initiated the arbitration underlying this action in 2014. (Dkt. 2 at 3.) Ochoa, like other IBC employees, is subject to IBC's "Open Door Policy for Dispute Resolution" (the "Arbitration Policy"), which requires employment claims to be arbitrated. (*Id.*) Under the Arbitration Policy, disputes involving $100,000 or less must be conducted before a single arbitrator, while disputes in excess of $100,000 must be conducted before a panel of three arbitrators. (Dkt. 1, Attach. 4 at 7.) Ochoa brought a collective action under the Arbitration Policy against IBC, alleging that IBC had failed to pay her and her colleagues overtime wages in violation of the Fair Labor Standards Act. (*Id.*) Ochoa's initial "Submission of Dispute Resolution" claimed damages of "$50,000+ (exclusive of opt-ins)." (Dkt. 1, Attach. 3.) Thus, because the amount in controversy was less than $100,000, the American Arbitration Association

("AAA") named a single arbitrator, Thomas Cipolla. (Dkt. 2 at 3.)

After nearly a year of arbitration (as well as litigation before this Court),[1] IBC began arguing that the arbitration policy required a panel of three arbitrators because the amount in controversy actually exceeded $100,000. (Dkt. 1 at 2; Dkt. 2 at 5). Cipolla, however, ruled that the arbitration would proceed with one arbitrator. (Dkt. 2 at 5–6.)

IBC then filed the pending motion to compel arbitration. (Dkt. 1.) IBC asks the Court to hold that three arbitrators are required and to appoint two additional arbitrators. Ochoa opposes this motion, making three arguments: (1) the arbitration is properly held before a single arbitrator; (2) IBC has waived its right to demand a three-member panel; and (3) the Court lacks jurisdiction to intervene at this stage of the arbitration.

Having carefully considered the papers submitted, the Court finds that it lacks jurisdiction to intervene at this stage of the arbitration because there has been no "mechanical breakdown" in the arbitration process. The Court therefore need not reach Ochoa's first or second argument, and IBC's motion to compel arbitration is denied.

## Discussion

The Federal Arbitration Act ("FAA") grants federal courts very limited jurisdiction to intervene in an arbitration before an award is issued. *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002). The party seeking judicial intervention bears the burden of establishing that the court has jurisdiction. *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012). Generally, before an award is issued, a court's jurisdiction is limited to

---

[1] *See International Bancshares Corporation v. Ochoa*, Civil Action No. 5:15-CV-172. In that case, IBC sought to vacate Cipolla's grant of certification of Ochoa's collective action, arguing that the arbitrator had exceeded his authority. Judge Kazen found that because the Arbitration Policy allowed for collective action claims an interlocutory appeal of the grant of certification was barred and IBC's motion was therefore denied.

determining "whether an agreement to arbitrate exists and enforcement of that agreement." *Gulf Guar. Life Ins. Co.,* 304 F.3d at 487. Further, once arbitration has commenced, "challenges to the procedural aspects of arbitration are for the arbitrator to decide." *Id.* But 9 U.S.C. § 5 does permit a court to intervene in three limited circumstances: "(1) if the arbitration agreement does not provide a method for selecting arbitrators; (2) if the arbitration agreement provides a method for selecting arbitrators but any party to the agreement has failed to follow that method; or (3) if there is a lapse [of time] in the naming of an arbitrator or arbitrators." *BP Expl. Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 491 (5th Cir. 2012) (internal quotation marks omitted). A "lapse" occurs when there is some "mechanical breakdown in the arbitrator selection process." *Id.* at 491–92. A mechanical breakdown occurs when the arbitration agreement cannot be enforced at all. *See id.* (citing examples of a "mechanical breakdown" in which a "deadlock" prevented the parties from proceeding to arbitration under an otherwise enforceable arbitration agreement).

Here, IBC does not dispute that there is a binding arbitration agreement. Nor does it argue that the agreement does not provide a method for selecting arbitrators or that a party to the agreement has failed to follow that method. Rather, IBC's claims rest on the third ground for jurisdiction—a lapse in naming arbitrators. (Dkt. 1 at 4.) Specifically, IBC argues that because two additional arbitrators should have been appointed but were not, there has been a "lapse" in naming arbitrators, and the Court has jurisdiction to intervene to complete the three-member panel. (*Id.*)

IBC relies heavily on *BP Exploration* to support its position. In *BP Exploration*, the Fifth Circuit held that an "impenetrable deadlock over the appointment of arbitrators" caused a "lapse" that gave the court jurisdiction to intervene. 689 F.3d at 483. The arbitration agreement in that

case was designed to resolve disputes between two parties. *Id.* Each party was to choose one arbitrator and the two chosen arbitrators were to choose a third. *Id.* However, a "mechanical breakdown" occurred because the parties were unable to agree how the panel should be chosen by three parties rather than two. *Id.* at 486–87. Thus, there was no possible way to give effect to the arbitration agreement's method of selecting a panel, resulting in an "indefinit[e] delay [of the] arbitration proceedings." *Id.* There was therefore a lapse, and judicial intervention was appropriate. *Id.* at 493.

But IBC's reliance on this case is misplaced. In *BP Exploration*, no arbitrators could be appointed and arbitration never got underway. Here, an arbitrator has been appointed, and arbitration has been proceeding before him for nearly three years. (*See* Dkt. 1 at 4; Dkt. 2 at 3.) There has been no "mechanical breakdown" or "impenetrable deadlock" preventing the parties from moving forward with the arbitration. *Id.* at 492. In these circumstances, 9 U.S.C. § 5 does not permit the Court to intervene. *See Gulf Guar.*, 304 F.3d at 491–92; *see also AVIC Int'l USA, Inc. v. Tang Energy Grp., Ltd.*, 2015 WL 477316, at *4 (N.D. Tex. Feb. 5, 2015) (holding that despite a disagreement over the arbitrator selection process there was no lapse because the arbitration was already pending before a panel of arbitrators).

IBC is not attempting to cure an impasse delaying the arbitration, but is instead challenging the process used to select arbitrators. That is, IBC disputes whether the arbitration agreement is being enforced properly, not whether the agreement can be enforced at all. This is a procedural challenge, and "[t]he law presumes that 'procedural questions' are for an arbitrator to decide." *Adam Techs. Int'l S.A. de C.V. v. Sutherland Glob. Servs., Inc.*, 729 F.3d 443, 452 (5th Cir. 2013) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). Thus, the Court is without jurisdiction to intervene at this stage. IBC must present its challenge *after* an

award has been issued. *See BP Exploration*, 689 F.3d at 491 (noting that "[c]ourts will not hesitate to vacate an award if arbitrators are not selected pursuant to the method specified in an arbitration agreement").

## **Conclusion**

For the foregoing reasons, Plaintiff's motion to compel arbitration (Dkt. 1) is hereby DENIED for lack of jurisdiction. This case is hereby DISMISSED with PREJUDICE. The Clerk of Court is DIRECTED to TERMINATE this case.

IT IS SO ORDERED.

SIGNED this 21st day of May, 2018.

Diana Saldaña
United States District Judge